983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sara P. ROBINSON, Plaintiff/Appellant,
v.
PEPSI-COLA COMPANY, Defendant/Appellee.
 No. 89-2696.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1992.*
Decided Dec. 16, 1992.
Order Correcting Jan. 6, 1993.
 
 Before BAUER, Chief Circuit Judge, CUMMINGS, Circuit Judge, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Pursuant to this Court's order dated June 5, 1991, the parties have filed status reports concerning the effect of the Supreme Court's decision in Edmonson v. Leesville Concrete Co., 111 S.Ct. 2077 (1991), on the present appeal.
 
 
 2
 In Edmonson, the Supreme Court held that "the race-based exclusion of [venirepersons in civil cases] violates the equal protection rights of the challenged jurors." Edmonson, 111 S.Ct. at 2080. The Court further held that the plaintiff, Mr. Edmonson, had standing to raise the equal protection claims of the challenged venirepersons. Id. The Court then remanded the case to the district court for a hearing pursuant to Batson v. Kentucky, 476 U.S. 79 (1986), in order to determine whether the appellee's reasons for exercising its peremptory challenges were sufficiently race-neutral. Edmonson, 11 S.Ct. at 2080.
 
 
 3
 The parties have conceded that the Supreme Court's holding in Edmonson resolves the first issue in this appeal. Thus we remand the case to the district court for the purposes of conducting a Batson hearing to determine whether appellee's peremptory challenges were racially motivated. Furthermore, in light of our decision today, we need not address at this time the other issues appellant raises in this appeal.
 
 
 4
 For the foregoing reasons, the judgment of the district court holding Batson inapplicable in a civil case is REVERSED, and the case REMANDED for a hearing pursuant to Batson.
 
 ORDER
 
 5
 Jan. 6, 1993.
 
 
 6
 The court's order in the above-captioned case dated December 16, 1992 is hereby corrected. The footnote on page 1 should have indicated that the appellant had filed a statement requesting oral argument, which was considered by the court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs